UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X       Index No:

LAMARR REMBERT

      Plaintiff,

**COMPLAINT**

-against-

THE CITY OF NEW YORK, DET. MIKE GERRARD,
DET. DORSEY, JOHN DOES (1-7), JANE DOES (1-3).

GLASSER, J.

      Defendants.

AZRACK, M.J.

------------------------------------------------------------ X

Plaintiff, LAMARR REMBERT, by his attorney, ADRIAN A. ELLIS, LLC, alleges as follows:

I. **INTRODUCTION**

1. This is an action pursuant to U.S.C. Section 1983 to vindicate the civil rights of LAMARR REMEBERT. The plaintiff contends that the defendants have subjected the Plaintiff to a pattern of a malicious abuse of process whereas he has been seized, falsely imprisoned and defamed by the defendant's. Defendants were acting under the color of state law and pursuant to municipal customs, practices and policies when they undertook the aforementioned acts against plaintiff.

II. **JURISDICTION**

2. This court has jurisdiction over this action under 42 U.S.C. Section 1983 and the 6th, 4th, 5th and 14th Amendments of the Constitution of the United States. Venue is proper, as the operative events occurred within this judicial district.

III. **PARTIES**

FILED IN CLERK'S OFFICE DISTRICT COURT E.D.N.Y ★ OCT 23 2009 ★ BROOKLYN OFFICE

3. Plaintiff, LAMARR REMBERT resides in Kings County and sues on his own behalf.

4. Defendant, The City of New York is a municipality that is incorporated under the laws of the State of New York, New York. Its actions and those of its agents must conform to the dictates of the Constitution of the United States. It may sue and be sued and at all relevant times herein acted under the color of the state law and pursuant to its own policies, practices and customs.

5. Defendants ,, Detective Mike Gerard, Detective Dorsey, and John Doe's (1-7) and Jane Does (1-3) at all times were employed by the City of New York as police officers. Their actions must conform to the dictates of the Constitution of the United States. They are sued in their individual capacities for violating the plaintiff's civil rights while acting under the color of state law and/or acting pursuant to policies, practices and customs of the City of New York.

IV. **FACTUAL AVERMENTS**

6. Defendants, all of whom were acting under the color of the state law and/or pursuant to policies, practices and customs of the City of New York violated plaintiff's civil rights in the following ways:

a.  On September 29, 2008 Lamarr Rembert (hereinafter "Plaintiff") was walking into the building he resided located at 64 Saint Edwards Street, Brooklyn, NY at approximately 8:45 p.m. when he was stopped by Defendant Gerard and other police officers assigned to the 88th precinct. Defendant Gerard asked the Plaintiff whether he had any drugs or guns in his possession. After the Plaintiff replied that he did not, he was still subjected to a search by the police officers despite his protestations. After the search revealed that the Plaintiff was not in possession of any contraband or illegal weapons, the Defendant was instructed to be held whilst the police canvas the area surrounding the building that the Plaintiff was about to enter. After approximately fifteen minutes a gun was purportedly found in a garbage can roughly one hundred and fifty yards away from where the Plaintiff was being held. At the instruction of Defendant Gerard the Plaintiff was

arrested on charges related to possessing this gun. The Plaintiff spent approximately four days incarcerated before he was arraigned. Defendant Gerard and other police personnel (John Does 1-5 and /or Jane Does 1-3) attached to the 88th precinct ensured that the transportation of the Plaintiff was held at the 88th precinct for three days. On January 20, 2009 this case was dismissed.

b.      On February 2, 2009 the plaintiff's sister allegedly complained that the Plaintiff had violated an order of protection that she had obtained from the Kings County Family Court. On February 4, 2009 police officers arrested the Plaintiff for allegedly violating the order of protection. However, when it was uncovered that the order of protection has never been served on the Plaintiff which therefore would have nullified the complaint that the Plaintiff had violated the Order of Protection the desk sergeant (John Doe 6) instructed the officers to "find something" to hold the plaintiff. The police then called the Plaintiff's sister who then alleged that three weeks earlier Plaintiff had kicked the door to her home and spat on her. The police then effected an arrest of the plaintiff. This case was dismissed on September 16, 2009. On February 12, 2009 defendant Dorsey and other officers attached to the 88th precinct arrested the Plaintiff again upon allegations purportedly made by the Plaintiff's sister that the Plaintiff had spat on her and kicked her car. This case was dismissed on August 10, 2009.

c.      On March 23, 2009 the Plaintiff who is on parole was meeting with his parole officer when he was informed that the police from the 88th precinct had called looking for the Plaintiff. The Plaintiff awaited the arrival of the officers whom upon arrival arrested Plaintiff for allegedly making harassing phone calls to his sister. This case was dismissed on August 10, 2009. On March 24, 2009 the Plaintiff whilst awaiting arraignment in central booking placed a phone call to the 88th precinct to inquire as to the reason for the delay in his paperwork that was preventing his case being ready for arraignment. The officer (John Doe 7) that Plaintiff spoke to informed him that the Plaintiff was being sought for another arrest his sister alleged that on that very day, March 24, 2009, the Plaintiff was outside the building she resided harassing her. When Plaintiff

informed the officer that he was incarcerated and therefore could not possibly have done the things alleged by his sister, the officer informed the Plaintiff that despite the blatant falsity of her complaint action would be taken against him.

d.      Prior to the slew of arrests effected against the Plaintiff as a result of his sister's allegations defendant's Gerard and Dorsey made it clear that they would be "out to get" the Plaintiff as a result of their belief that the Plaintiff was heavily involved in criminal activity which they had been unable to arrest him upon. In addition, Defendant Dorsey admitted to the Plaintiff that he was engaged in a sexual relationship with the Plaintiff's sister and as such whenever she made a complaint he would have the Plaintiff arrested. Due to an increased acrimonious relationship between the Plaintiff and his sister she has been able to utilize the Defendant's in her quest to remove the Plaintiff from his home and from their grandmother whose money the Plaintiff's sister has sought to control for her own personal benefit.

## FIRST CLAIM FOR RELIEF

7. Defendants actions against plaintiff were undertaken pursuant to municipal policies, practices and customs of effecting arrests and causing the commencement of criminal prosecution against the citizenry when deemed necessary.

8. As a result of the defendants actions the plaintiff is fearful of all police officers and is unable to respect the police force and the purported purpose to "protect and serve".

9. The conduct of defendants in maliciously abusing the process against the plaintiff was outrageous and was done with a total and utter reckless indifference to plaintiff's protected civil rights, entitling plaintiffs to an award of punitive damages as against the individual defendants.

10. Solely as a result of these actions, plaintiff was:

a. Suffered severe emotional trauma and was subjected to great fear and terror and personal humiliation and degradation.

b. Has continued to suffer from mental and emotional distress as a result of the unlawful conduct of the defendants, and

c. Has been caused to fear repetition of the unlawful conduct by the defendants or by other police officers.

11. Each of the defendants, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under the color of law, and violated the rights of the plaintiffs:

a. To be free from unlawful arrests and seizure;

b. To be free from malicious abuse of process;

c. To be free from intentional infliction of great emotional distress;

d. To be free from negligence in the performance of police duties;

e. To be free from summary punishment without trial; and

f. To due process of law.

12. All of these rights are secured to the plaintiff by the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States of America and by 42 U.S.C.§§ 1983, 1988.

13. As a result of the defendants conduct, plaintiff has suffered damage and injury.

## SECOND CLAIM FOR RELIEF

14. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this complaint designated "1" through "13" inclusive with the same force and effect as though each were fully set forth at length here.

15. The defendants intentionally and for the purpose of causing severe mental distress conducted themselves towards the plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

16. The defendant recklessly conducted themselves towards the plaintiffs in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

## PRAYER

Plaintiff demands judgment against the defendants for:

1. Compensatory damages in an amount that the trier of facts considers just and fair.

2. Punitive and exemplary damages in an amount that the trier of the fact considers sufficient to punish and deter each defendant against whom, theses damages are awarded;

3. Costs of suit;

4. Reasonable attorney fees; and

5. All other relief that is just and proper.


Dated: Brooklyn, New York

Adrian A. Ellis, LLC

By: _____

Adrian A. Ellis, Esq. (5276)
26 Court Street, Suite 1600
Brooklyn, NY 11242

P (718) 596-1308

F (718) 596-8059